Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Georgia
### Augusta Division

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

DEC 18 2024

FILED

Case No. **CV124-236**



*Plaintiff(s)*
**Doretha Nichols**

)
)
)  *(to be filled in by the Clerk's Office)*
)  Jury Trial: *(check one)*  (Yes)   'No
)
)
)
)
)
)
)
)
)
)
)
)
)
)

-v-

*Defendant(s)*
1. Walmart Inc., 2. Jim C. Walton, 3. Alice L. Walton
4. S. Robson Walton, 5. John T. Walton Estate Trust,
6. Vanguard Group, 7. BlackRock, 8. Doug McMillon,
9. Greg Penner, 10. Other Board Members and Major

## COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE
### (28 U.S.C. § 1332; Diversity of Citizenship)

I Complaint for Negligence and Demand for Jury Trial

---

JURY TRIAL DEMANDED

---

Complaint for Negligence and Demand for Jury Trial

---

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

## I. Introduction

1. This is a complaint for negligence brought by the Plaintiff, Doretha Nichols, seeking compensation for injuries sustained as a result of the Defendants' failure to maintain a safe environment for customers.

## II. Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

3. Plaintiff, Doretha Nichols, is a citizen of California, currently residing in California but spending significant time in Georgia.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Augusta, Georgia.

## III. Parties

5. Plaintiff: Doretha Nichols, residing in California.

6. Defendant: Walmart Inc. (EIN: 71-0415188), a corporation operating nationwide, including in Augusta, Georgia.

7. Defendants: Jim C. Walton, Alice L. Walton, S. Robson Walton, John T. Walton Estate Trust, Vanguard Group, BlackRock, Doug McMillon, Greg Penner, other board members and major shareholders, and Walton Family Estate, all of whom are involved in the corporate governance of Walmart Inc.

## IV. Facts

8. On December 18, 2023, at approximately 2:00 PM, Ms. Doretha Nichols was a customer at Walmart located in Augusta, Georgia.

9. At that time, a 3-gallon jug of water, weighing approximately 24 pounds, fell from a shelf positioned between 6 and 7 feet high.

10. Ms. Nichols, who is 5 feet 6 inches tall, was struck on the head by the falling jug, causing her to suffer injuries.

11. The incident caused Ms. Nichols significant embarrassment as she involuntarily urinated on herself due to the shock and pain.

## V. Defendant's Involvement

12. Walmart Inc.: Duty to maintain a safe environment for their customers, including proper stocking and secure placement of items. Breached this duty by failing to ensure shelf safety, creating a hazardous condition.

13. Individual Defendants (Shareholders):

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

- Jim C. Walton (Shareholder, Walmart Inc.): Significant shareholder with influence over corporate governance.
- Alice L. Walton (Shareholder, Walmart Inc.): Significant shareholder with influence over corporate governance.
- S. Robson Walton (Shareholder, Walmart Inc.): Significant shareholder with influence over corporate governance.
- John T. Walton Estate Trust (Shareholder, Walmart Inc.): Trust holding significant shares with influence over corporate governance.
- Vanguard Group (Shareholder, Walmart Inc.): Institutional investor with influence over corporate governance.
- BlackRock (Shareholder, Walmart Inc.): Institutional investor with influence over corporate governance.

14. Doug McMillon (CEO and President, Walmart Inc.): Oversight of overall company operations and safety policies. Failure to ensure implementation of adequate safety measures.

15. Greg Penner (Chairman of the Board, Walmart Inc.): Ensuring the board monitors adherence to safety regulations. Neglected to oversee proper safety checks and policies.

16. Other Board Members and Major Shareholders: Involved in decision-making processes impacting operational safety standards. Failed to address and mitigate safety risks adequately.

17. Store Manager and Employees Responsible for Shelf Maintenance: Directly responsible for shelf stocking and maintenance. Negligence in securing the shelves and ensuring items were safely placed, leading to the incident.

## VI. Plaintiff's Damages

18. Initial Medical Assessment: Ms. Nichols sought medical attention at Piedmont Healthcare, where she was diagnosed with contusions. Medical records included as exhibits show these injuries.

19. Force and Impact: The estimated impact force was approximately 106.722 Newtons.

- Calculation of Impact Force: The force was calculated using Newton's second law of motion:

$$F = m \cdot a$$

where F is the force, m is the mass of the jug (24 pounds or approximately 10.89 kg), and a is the acceleration due to gravity (9.8 m/s²).

$$F = 10.89 \text{ kg} \times 9.8 \text{ m/s}^2 = 106.722 \text{ N}$$

20. Present and Future Medical Costs: Ms. Nichols requires further examination and treatment for potential neck and back injuries, with estimated future costs between $20,000 and $45,000 per year.

21. Lost Wages: Due to the injuries, Ms. Nichols lost a job opportunity paying $30 per hour for a 40-hour work week, totaling $60,000 from December 18, 2023, to December 18, 2024.

22. Emotional Distress and Embarrassment: Compensation for the emotional distress and embarrassment caused by the incident.

23. Psychological and Physical Injury Compensation: If allowed by law, Ms. Nichols seeks compensation for psychological and physical injuries, including both past, present, and future impact.

## VII. Evidence and Demand

24. Evidence of Fact: Medical records from Piedmont Healthcare, included as exhibits.

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

25. Surveillance Video Request: Plaintiff requests and demands that Walmart Inc. preserve and provide any surveillance video capturing the incident on December 18, 2023, at the Augusta, Georgia location.

26. Contact Information Request: Plaintiff requests the contact information for the individual defendants, including Jim C. Walton, Alice L. Walton, S. Robson Walton, John T. Walton Estate Trust, Vanguard Group, BlackRock, Doug McMillon, Greg Penner, other relevant board members and major shareholders, and Walton Family Estate, to facilitate service of legal documents.

## VIII. Relief Sought

27. Compensation for medical expenses incurred for the initial diagnosis of head and face contusions.

28. Compensation for future medical expenses to diagnose and treat potential neck and back injuries.

29. Compensation for lost wages due to the injury and resulting inability to work.

30. Additional compensation for emotional distress and embarrassment.

31. Compensation for pain and suffering.

32. Reimbursement for legal services and the cost of legal document service and postage.

33. Compensation for psychological and physical injuries, as allowed by law.

---

I declare under penalty of perjury that the foregoing is true and correct.

Name: Doretha Nichols
Signature: /s/ Doretha Nichols
Date: 12/18/2024

Demand for Jury Trial: Plaintiff demands a trial by jury on all issues so triable.

---

## IX. Rule 19(c) Statement

34. This complaint does not omit any parties who should be joined under Rule 19. If the court determines that any party necessary for just adjudication is not named, the Plaintiff requests leave to amend this complaint to include such parties.

---

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

