IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DORETHA NICHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CV 124-236 |
| | ) |
| WALMART, INC.; JIM C. WALTON; ALICE L. WALTON; S. ROBSON WALTON; JOHN T. WALTON ESTATE TRUST; VANGUARD GROUP; BLACKROCK; DOUG MCMILLON; GREG PENNER; OTHER BOARD MEMBERS AND MAJOR SHAREHOLDERS; and WALTON FAMILY ESTATE, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff is proceeding *pro se* and has requested permission to proceed *in forma pauperis* ("IFP").[1]  Having considered Plaintiff's affidavit of poverty, the Court **GRANTS** her request to proceed IFP.  (Doc. no. 2.)  If in the future, however, it appears that Plaintiff's financial situation has improved, the Court may act on its own initiative to require her to pay either the entire filing fee or an appropriately determined partial filing fee.

---

[1] The Court notes Plaintiff also filed a motion to recuse the undersigned and the presiding District Judge.  (Doc. no. 5.)  Though the motion is currently pending before the presiding District Judge, the undersigned notes judicial conduct in a prior case filed by Plaintiff is her stated basis for recusal and she failed to file an affidavit in support of her motion as required by 28 U.S.C. § 144.  (Id.); see Liteky v. United States, 510 U.S. 540, 553 (1994) (explaining allegations of personal bias and prejudice which would disqualify a judge under 28 U.S.C. § 455 must be based on an "extrajudicial source."); Nichols v. Walmart et. al., No. CV 124-069 (S.D. Ga. Aug. 20, 2024) (hereinafter "CV 124-069").  Accordingly, the pending motion for recusal need not delay the Court's resolution of the issues addressed herein.

I.   **MOTIONS TO AMEND**

On December 23, 2024, Plaintiff filed a "Motion to Amend[] Defendants List with No Changes," in which she seeks to provide additional context concerning Defendants' involvement in the events alleged in Plaintiff's original complaint. (Doc. no. 4; see also doc. no. 1.) On January 14, 2025, Plaintiff again moved to amend her original complaint, seeking to provide more details concerning Defendants' liability for her injuries. (Doc. no. 8; see also doc. no. 1.) As no Defendant has been served with a copy of the complaint or filed an answer, under Fed. R. Civ. P. 15(a), Plaintiff may file an amended complaint once as a matter of course. On January 15, 2025, Plaintiff filed an amended complaint, which supersedes and replaces in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). Accordingly, Plaintiff's requests to amend are **MOOT**, (doc. nos. 4, 8), and her Amended Complaint is the operative pleading in this case, (doc. no. 16).

II.   **SUBJECT MATTER JURISDICTION**

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a

plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Upon initial review of Plaintiff's complaint, the Court notes the events described are the same events underlying a prior case filed by Plaintiff in this Court, CV 124-069.[2] Compare (doc. no. 1), with CV 124-069, doc. 1. In that case, Plaintiff alleged diversity jurisdiction and the undersigned conducted a teleconference to determine whether the amount in controversy was met. CV 124-069, doc. nos. 24, 27. After hearing from Plaintiff at the teleconference, the Court found "[t]he only damages sought by Plaintiff that could have been proximately caused by the incident are the expenses associated with her two medical visits that total a mere $4,500." Id. at doc. no. 27, p. 3. The Court also found, in relevant part, "[t]here is no legally cognizable connection between the incident and Plaintiff's decision to stop working, and it is highly unlikely a trier of fact would place a value on her emotional distress claim sufficient to bridge the gap between $4,500 and the

---

[2] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records . . . .").

3

jurisdictional requirement of $75,000." Id. at 3-4. The case was dismissed for lack of subject matter jurisdiction and Plaintiff's subsequent appeal to the Eleventh Circuit was dismissed for want of prosecution. Id. at doc. nos. 27, 35, 46.

In the instant case, Plaintiff again alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. no. 16, p. 2.) She claims damages as follows: "estimated future [medical] costs between $20,000 and $45,000 per year," $60,000 in lost wages, and undisclosed amounts for present medical costs, emotional distress and embarrassment, and psychological and physical injury. (Id. at 6-7.) Plaintiff asserts she attached medical records from Piedmont Healthcare as exhibits to support her claims, but no such attachments are included with her complaint. (See id. at 6.)

As the Court previously explained in CV 124-069, based on Plaintiff's factual representations to the Court, Plaintiff's claimed damages related to her lost wages and emotional distress are insufficient to establish the jurisdictional requirement of $75,000. Plaintiff's current complaint provides no detail or evidence to support her requests for damages, and the Court is thus unable to determine whether the amount in controversy is sufficient based on Plaintiff's current allegations or whether her potential entitlement to damages has materially changed since the dismissal of CV 124-069. Unless Plaintiff can demonstrate sufficient evidence of the jurisdictional amount in controversy in this case based on information not available at the time of the Court's ruling in CV 124-069, she is precluded from reasserting federal diversity jurisdiction in light of the Court's prior ruling. See Goodin v. Fid. Nat'l Title Ins. Co., 491 F. App'x 139, 143 (11th Cir. 2012) (*per curiam*) (explaining where "requirements for issue preclusion have been met, [Plaintiff] could not

relitigate the amount in controversy issue unless he could prove a change in that amount between the filing of his first federal lawsuit and the filing of the instant lawsuit.").

Accordingly, it is hereby **ORDERED** that Plaintiff appear on Thursday, February 13, at 10:00 a.m., in Courtroom One, Federal Justice Center, 600 James Brown Boulevard, Augusta, Georgia 30901, and provide sufficient evidence that the jurisdictional amount is in controversy. Plaintiff will have the opportunity to testify, under oath, and may provide written documentation or other evidence to support her claim the amount in controversy exceeds the jurisdictional requirement of $75,000. Failure to appear at this hearing will result in a recommendation that this case be dismissed.

### III. "MOTION TO INQUIRE ABOUT TIMEFRAME FOR FUTURE CLAIMS FOR RELIEF"

Plaintiff has also filed a "Motion to Inquire About Timeframe for Future Claims for Relief," in which she requests the Court "clarify and provide guidance regarding the timeframe within which future claims for relief can be made." (Doc. no. 12.) Plaintiff specifically "seeks clarification from the Court regarding the permissible timeframe for including future claims for relief in her lawsuit, specifically concerning the extent and duration of future damages that can be claimed under applicable Georgia law and the Court's guidelines." (Id. at 2.) The Court does not provide litigants with legal advice because it does not have a "license to serve as de facto counsel for a party." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000); see also Landry v. Davis, 2009 WL 274242, at *4 (D. Kan. Jan. 26, 2009) ("Federal courts may not provide legal advice to a pro se litigant, just as they may not provide legal advice to a party represented by an

5

attorney."). Accordingly, Plaintiff's "Motion to Inquire About Timeframe for Future Claims for Relief" is **DENIED**. (Doc. no. 12.)

SO ORDERED this 22nd day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA