IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DORETHA NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-236 |
| | ) | |
| WALMART, INC.; JIM C. WALTON; ALICE | ) | |
| L. WALTON; S. ROBSON WALTON; JOHN | ) | |
| T. WALTON ESTATE TRUST; VANGUARD | ) | |
| GROUP; BLACKROCK; DOUG | ) | |
| MCMILLON; GREG PENNER; OTHER | ) | |
| BOARD MEMBERS AND MAJOR | ) | |
| SHAREHOLDERS; and WALTON FAMILY | ) | |
| ESTATE, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case.[1] Plaintiff filed a motion to disqualify opposing counsel. (Doc. no. 38.) Upon initial review of this filing, the Court observes Plaintiff relied on several cases that, after extensive research conducted by the undersigned, appear nonexistent. Specifically, the Court is unable to locate any case matching the citation information provided for the following four cases as they are cited in Plaintiff's motion:

> 3. In re Howell, 244 Ga 643 (1979), disqualification due to conflicts of Interest in Georgia.

---

[1] As noted in the Court's prior Order, the pending motion to recuse the undersigned and the presiding District Judge need not delay the Court's resolution of the issues addressed herein. (See doc. no. 19, p. 1 n.1.)

. . .

6. In re Walmart Real Estate Business Trust, 2009 WL 161968 (Bankr. D Del 2009): Prior representation of a Walmart affiliate in a related matter.

7. Walmart Stores, Inc. v Coughlin 131 S.W 3rd 499 (Mo Ct App 2004): created conflict of interest requiring the Attorney's disqualification in a subsequent case involving Walmart.

8. Wolfram v Rosenblum, 231 F 3d 1083 (8th Cir 2000): The court found that an attorney prior involvement in a related case created an appearance of impropriety, justifying disqualification.

(Doc. no. 38, pp. 4-5.) The Court is concerned this nonexistent caselaw, if not blatantly fabricated by Plaintiff on her own, "may be the result of Plaintiff's usage of artificial-intelligence-hallucinated legal authority." Greenflight Venture Corp. v. Google LLC, No. 24-CV-80395, 2025 WL 385476, at *10 (S.D. Fla. Feb. 4, 2025).

> [T]here is no prohibition on using [artificial intelligence] in this District, and the Court appreciates that it may be a valuable tool for *pro se* litigants in particular. Nonetheless, all litigants have an obligation to comply with Rule 11, which imposes an affirmative duty to conduct a "reasonable [inquiry]" into the substance of a filing before it is presented to the Court, including verifying that every citation is real.

Rubio v. D.C., No. CV 23-719, 2024 WL 4957373, at *4 (D.D.C. Dec. 3, 2024) (citing Fed. R. Civ. P. 11(b)(2)).

Rule 11(c) of the Federal Rules of Civil Procedure permits courts to impose sanctions, including monetary sanctions, on any party that "present[s] to the court a pleading, written motion, or other paper" for "any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or that includes frivolous arguments or "claims, defenses, and other legal contentions . . . [un]warranted by existing law." Fed. R. Civ. P. 11(b). "A fake opinion is not 'existing law'" and "[a]n attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." Mata

2

v. Avianca, Inc., 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023).[2]  This Court will not hesitate to impose Rule 11 sanctions against a party who abuses the adversary process or otherwise attempts to deceive the Court by relying on nonexistent caselaw.  See Thomas v. Pangburn, No. CV423-046, 2023 WL 9425765, at *5 (S.D. Ga. Oct. 6, 2023) (recommending dismissal as sanction pursuant to Rule 11(b) where *pro se* plaintiff used intentionally misleading citations and failed to provide adequate explanation), *adopted by* 2024 WL 329947 (S.D. Ga. Jan. 29, 2024), *appeal dismissed*, No. 24-10368-C, 2024 WL 5389428 (11th Cir. Oct. 21, 2024).

However, Rule 11 sanctions may only be imposed "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c).  Accordingly, the Court will provide Plaintiff with fourteen days to show cause as to why Rule 11 sanctions should not be imposed for her use of fake case citations in her motion to disqualify opposing counsel.

SO ORDERED this 18th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] See also id. at 448-49 ("Many harms flow from the submission of fake opinions.  The opposing party wastes time and money in exposing the deception.  The Court's time is taken from other important endeavors.  The client may be deprived of arguments based on authentic judicial precedents.  There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct.  It promotes cynicism about the legal profession and the American judicial system.")

3