IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DORETHA NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-236 |
| | ) | |
| WALMART, INC.; JIM C. WALTON; ALICE | ) | |
| L. WALTON; S. ROBSON WALTON; JOHN | ) | |
| T. WALTON ESTATE TRUST; VANGUARD | ) | |
| GROUP; BLACKROCK; DOUG | ) | |
| MCMILLON; GREG PENNER; OTHER | ) | |
| BOARD MEMBERS AND MAJOR | ) | |
| SHAREHOLDERS; and WALTON FAMILY | ) | |
| ESTATE, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 59.) Nothing in Plaintiff's objections changes the analysis that this case is due to be dismissed based on lack of subject matter jurisdiction, whether that determination is rooted in the doctrine of issue preclusion or an independent evaluation of the amount in controversy at issue in this case.

Also before the Court is whether Rule 11 sanctions are warranted for Plaintiff's use of nonexistent caselaw cited in her motion to disqualify opposing counsel. (Doc. no. 38; see also doc. no. 58); Hyde v. Irish, 962 F.3d 1306, 1309 (11th Cir. 2020) (explaining Rule 11 sanctions are "a 'collateral' issue" that may be determined "even if [a court] lacks jurisdiction over the underlying case" "to ensure 'the maintenance of orderly procedure'" (quoting Willy v. Coastal

Corp., 503 U.S. 131, 137-39 (1992))). The Magistrate Judge warned Plaintiff she may be sanctioned under Federal Rule of Civil Procedure 11(c) for relying on nonexistent caselaw in her motion and provided Plaintiff fourteen days "to show cause as to why Rule 11 sanctions should not be imposed for her use of fake case citations." (Doc. no. 52, p. 3.) Plaintiff timely provided the following response, in relevant part:

> I would like to address the court statement regarding the submission of allegedly fake citation. I assure the court that this was not a deliberate attempt to mislead. As a pro se Litigant. Without a bar license. I rely on various resources to the best of my ability. My intention was to provide relevant case law to support my arguments. Throughout this case, I have consistently felt that the court focus on procedural technicalities and irregularities have overshadowed the merits of my personal injury claim. Meanwhile, the opposing party has failed to comply with the legal requirements . . . .

(Doc. no. 58, p. 1.) Plaintiff then continued for twelve pages, describing perceived technical irregularities and identifying various instances she felt defense counsel failed to comply with procedural rules and received preferential treatment in an apparent attempt to evade responsibility for her use of nonexistent caselaw.[1] (See id. at 2-13.) At no point did Plaintiff explain the origin of the fake case citations, her process for attempting to verify the legal contentions she provided to the Court, or whether she made any attempt whatsoever to comply

---

[1] For the sake of completeness, the Court notes Plaintiff's concerns about procedural irregularities are entirely unfounded. (See doc. no. 58, pp. 2-13.) Defense counsels' appearances on behalf of Defendant Walmart Inc. were consistent with the Local Rules. See Loc. R. 83.4, 83.6(a). Defendant Walmart Inc. timely requested additional time to respond to Plaintiff's motion to compel. See Loc. R. 7.1(b); (doc. nos. 37, 48). Defendant Walmart Inc. timely responded to Plaintiff's motion for summary judgment and therefore, Plaintiff is not entitled to default judgment. See Loc. R. 7.5; Fed. R. Civ. P. 55; (doc. nos. 42, 55). Defense counsel's March 13, 2025 email to the Magistrate Judge's chambers was not an *ex parte* communication because Plaintiff was copied on the email. See *Ex Parte*, Black's Law Dictionary (12th ed. 2024) ("Done or made at the instance and for the benefit of one party only, *and without notice to*, or argument by, anyone having an adverse interest; of, relating to, or involving court action taken or received by one party without notice to the other." (emphasis added)). While the Court is sympathetic to the challenges faced by *pro se* litigants, the Court will not permit Plaintiff's misunderstandings of the litigation process and perceived unfair treatment to obscure the core issue posed by her case: this Court lacks subject-matter jurisdiction over the matter and therefore cannot allow the case to proceed. See Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

2

with the requirements of Rule 11(b) concerning representations to the Court. (See generally id.) The Court finds Plaintiff's response to its Order wholly inadequate.

"A court may impose Rule 11 sanctions 'when the party files a pleading in bad faith for an improper purpose.'" Thomas v. Pangburn, No. CV 423-046, 2023 WL 9425765, at *5 (S.D. Ga. Oct. 6, 2023) (quoting Worldwide Primates, Inc., v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996)), adopted by 2024 WL 329947 (S.D. Ga. Jan. 29, 2024), appeal dismissed, No. 24-10368-C, 2024 WL 5389428 (11th Cir. Oct. 21, 2024). "Although courts 'make some allowances for the *pro se* Plaintiff's failure to cite to proper legal authority,' courts do not make allowances for a Plaintiff who cites to fake, nonexistent, misleading authorities." Morgan v. Cmty. Against Violence, No. 23-CV-353, 2023 WL 6976510, at *7 (D.N.M. Oct. 23, 2023) (quoting James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013)). "Courts that have addressed the practice consistently agree that the use of fake legal authority is problematic and warrants sanctions." O'Brien v. Flick, No. 24-61529-CIV, 2025 WL 242924, at *6 (S.D. Fla. Jan. 10, 2025).

Here, Plaintiff concedes the caselaw cited in her motion is fake but "provides no reason to conclude h[er] filing was made except in bad faith." O'Brien, 2025 WL 242924, at *6. Plaintiff's failure to provide any meaningful explanation for her use of nonexistent legal authority, coupled with her attempts to deflect attention from her own wrongdoing by focusing on baseless complaints of technical irregularities, weigh heavily in favor of Rule 11 sanctions. See id. ("The Court considers both Plaintiff's use of fictitious citations and his evasive response to a direct order from this Court in determining whether sanctions are required."). Accordingly, the Court finds Plaintiff's motion to disqualify counsel, which relied on citations to nonexistent cases, was filed in bad faith for an improper purpose and warrants Rule 11

3

sanctions. See, e.g., Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) ("An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system.").

The Court may impose an appropriate monetary or nonmonetary sanction "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Court finds monetary sanctions would be excessively burdensome in light of Plaintiff's *in forma pauperis* status, (see doc. nos. 2, 19), and repeated assertions of indigency. Although dismissal of Plaintiff's case as a sanction for her conduct may be redundant, given the Court's dismissal for lack of subject matter jurisdiction over this case, the Court determines dismissal is an appropriate sanction, under the totality of the circumstances, to "deter repetition of the conduct or comparable conduct by other similarly situated." Fed. R. Civ. P. 11(c)(4).

Accordingly, the Court **OVERRULES** Plaintiff's objections, (doc. no. 59), **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case based on lack of subject matter jurisdiction and as a sanction for Plaintiff's use of fake case citations in her motion to disqualify opposing counsel, and **CLOSES** this civil action. Because this case is dismissed, all pending motions are **DENIED AS MOOT**. (Doc. nos. 5, 9, 13, 17, 18, 29, 30, 36, 37, 38, 42, 46, 56.)

SO ORDERED this 23rd day of April, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA